UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joshua Propst, | ) | CASE NO. 5:20-cv-01755 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | Memorandum of Opinion & Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Carmen E. Henderson recommending that the decision of the Commissioner be affirmed. (Doc. 18). Plaintiff Joshua Propst has filed objections. (Doc. 19). This is a Supplemental Security Income ("SSI") case. For the following reasons, this Court REJECTS in PART the Report and Recommendation and REMANDS this matter to Defendant for further proceedings.

**Facts**

1

Plaintiff filed this lawsuit seeking review of the Commissioner's decision denying Plaintiff's SSI disability claim. The Administrative Law Judge ("ALJ") determined that Plaintiff, despite some physical and mental limitations, could perform "light work" for jobs that exist in the national economy.

In the Report and Recommendation, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to follow applicable procedures in weighing his medical history. The Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence, followed applicable procedures, and built a logical bridge between its findings and conclusions. Plaintiff objects to the Report and Recommendation.

**Standard of Review**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the objection *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**Analysis**

Plaintiff argues, in general, that the ALJ violated agency procedure in determining his residual functional capacity ("RFC") by: (1) overlooking evidence that Plaintiff has nerve root compression; (2) failing to mention evidence that Plaintiff often had an abnormal gait; (3) and stating that Plaintiff's mental health checks showed he is "always pleasant, has an appropriate

affect and is oriented." Because the third argument requires remand, the Court will discuss it first. Given that remand is appropriate on this issue, the Court need not reach whether the ALJ also erred in addressing plaintiff's nerve root compression or abnormal gait. On remand, the ALJ is of course free to further address these two additional issues.

Disability determinations are made according to a five-step sequential process. 20 CFR 416.920(a)(4); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 43 (6th Cir. 2006). As relevant here, the ALJ determines at Step Four the claimant's "residual functional capacity" ("RFC") for work and compares it to the claimant's past work history to see if the claimant can still perform that work. 20 CFR 416.920(a)(4)(iv). At Step Five, the ALJ considers whether the claimant could perform other work in the economy based on the claimant's RFC. 20 CFR 416.920(a)(4)(v). During this process, the ALJ is instructed to consider the claimant's credibility by comparing the claimant's statements with the objective medical evidence. SSR 16-3p.

"We have recognized that it is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) (citations and quotation omitted). Failure to apply the correct legal standard set out by agency regulation is grounds for reversal. *See Gearing v. Comm'r of Soc. Sec.*, 417 F. Supp. 3d 928, 939 (N.D. Ohio 2019) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).

A reviewing court must affirm an ALJ's factual findings when they are supported by "substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence" is evidence "as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148,

3

1154 (2019) (quotation omitted). But a court cannot uphold a decision, even if it is supported by substantial evidence, if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)). The ALJ "may not ignore evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis." *Id.* at 881 (citing *Bryan v. Comm'r of Soc. Sec.*, 383 F. App'x 140, 148 (3d Cir. 2010)). "If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked." *Shrader v. Astrue*, 2012 WL 5383120, at *6 (E.D. Mich. Nov. 1, 2012) (citing *Morris v. Sec'y of Health & Human Servs.*, 845 F.2d 326 (6th Cir. 1988)).

Here, the ALJ concluded that Plaintiff's mental health appointments revealed that he is "*always* pleasant, has an appropriate affect and is oriented." (Doc. 13 at 91)(emphasis added). But Plaintiff points to many instances in the record wherein his mood was assessed to be "aggressive, hostile and preoccupied" at various appointments. (Doc. 19 at 936). Because the ALJ did not even mention these contrary findings, Plaintiff argues that the ALJ failed to "articulate reasons that are consistent with and supported by the evidence," "build a logical and accurate bridge between the evidence and the result," and "explain how ambiguities or inconsistencies were resolved." (Id. at 934). In general, Plaintiff argues that the ALJ may have reached different conclusions regarding Plaintiff's ability to stay on task    a component of his RFC    if the ALJ appropriately understood the mental health evidence.

The Court agrees with Plaintiff that the ALJ's statement is not consistent with the record. There are many health appointments at which Plaintiff was noted to be aggressive, hostile, and preoccupied. *See, e.g.*, Doc. 13 at 531, 795. Having failed to mention the contrary evidence, the

4

Court cannot determine whether the ALJ discounted this evidence or simply overlooked it completely when determining Plaintiff's RFC. *Shrader*, 2012 WL 5383120, at *6. The presence of contrary evidence that the ALJ omitted means that the ALJ did not build an accurate, logical bridge between the evidence and the RFC. *Fleischer*, 774 F. Supp. 2d at 877. This evidence could have affected the ALJ's assessment of Plaintiff's ability to stay on task, interact with the public or co-workers, or take extra breaks; for example, the Vocational Expert testified that an individual is disabled if they are off task 15% or more of the time. (Doc. 13 at 139 41); *Fleischer*, 774 F. Supp. 2d. at 881 (ALJ may not discount evidence that does not support his decision). Having misconstrued the treatment notes, there is no logical bridge between the evidence and the ALJ's determination, and remand is required.

### Conclusion

For the foregoing reasons, the Report and Recommendation (Doc. 18) is REJECTED in PART and the matter is REMANDED to Defendant for further consideration consistent with this Opinion.

IT IS SO ORDERED.

Dated: 3/3/22

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge